UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - DETROIT

IN RE:

Joeffrey-Cesar Agilles Estrope,
Josephine Mission Estrope,
                       DEBTORS.
_____/

CHAPTER 13
CASE NO. 14-55728-PJS
JUDGE PHILLIP J. SHEFFERLY

## TRUSTEE'S OBJECTIONS TO CONFIRMATION OF CHAPTER 13 PLAN

**NOW COMES** the Chapter 13 Standing Trustee, David Wm. Ruskin, and objects to confirmation of the Chapter 13 Plan in the above matter pursuant to L.B.R. 3015-3(a) (E.D.M.) as follows:

1. The Plan fails to provide that 100% of all tax refunds received or entitled to be received by the debtors since the commencement of the debtors' case be remitted to the Trustee for distribution among creditors as required by 11 U.S.C. Section 1325(b)(1)(B) and *In re Freeman*, 86 F.3d 478 (6th Cir. 1996).

2. The plan fails to increase its funding upon the termination of the obligation to Ally Bank pursuant to 11 U.S.C. 1325(b)(1)(B) and 11 U.S.C. 1325(a)(3).

3. The plan fails to increase its funding upon the termination of the obligation to Macomb County Friend of the Court pursuant to 11 U.S.C. 1325(b)(1)(B) and 11 U.S.C. 1325(a)(3).

4. The debtors' Plan proposes that the debtors remit monthly payments in the amount of $167.00 per month to Silver Lake Resort for a timeshare. The retention of a timeshare, however is not reasonably necessary debtors' as required by 11 U.S.C. Section 1325(b). *See In re Rogers*, 65 B.R. 1018 (Bankr. E.D. Mi. 1986).

5. The Liquidation Analysis of the debtors' Chapter 13 Plan fails to itemize the "Other" category of assets disclosed in the debtors' Chapter 13 plan. As a result, this Court, the Trustee, and all parties in interest are prevented from determining whether the debtors' Plan complies with 11 U.S.C. Section 1325(a)(4).

6. Based upon the debtors' Schedule B and the debtors' testimony at the First Meeting of Creditors, the debtors is seeking a return of garnished funds and debtors' counsel intends to take a fee in relation to the funds returned. Trustee therefore requests that the debtors' Counsel amend the 2016b statement to fully disclose all fees received in connection with the debtors' case so that there is full disclosure pursuant to F.R.Bankr.P.2016.

7. The plan fails to increase its funding upon the termination of the obligation to 401k loans pursuant to 11 U.S.C. 1325(b)(1)(B) and 11 U.S.C. 1325(a)(3).

8. The debtors' Plan fails to provide that all of the debtors' projected disposable income be utilized to fund the Plan. Specifically, the debtors' Schedule J has overstated the following expense(s) as required by 11 U.S.C. Section 1325(a)(3) and/or 11 U.S.C. Section 1325(b):

a. Cable and Internet - $203.00 – The Trustee requests the debtors provide objective documentation no less than fourteen (14) days prior to the scheduled confirmation hearing to evidence such actual expenses.

b. Personal Needs of Family - $170.00 plus personal care products and services $75.00 for a total of $245.00 (in addition to emergency/contingencies of $50.00). The Trustee requests the debtors provide objective documentation no less than fourteen (14) days prior to the scheduled confirmation hearing to evidence such actual expenses.

9. Based upon the debtors' Statement of Financial Affairs, question 14, the debtors hold two bank accounts for the debtors' children with aggregate funds in the accounts totaling $21,000.00. Trustee requests that the debtors provide bank statements for these accounts so the Trustee can determine whether the debtors' Plan complies with 11 U.S.C. Section 1325(a)(4).

**WHEREFORE,** the Chapter 13 Standing Trustee requests this Honorable Court deny confirmation of the debtors' Chapter 13 Plan unless modified to meet these objections.

OFFICE OF DAVID WM. RUSKIN, STANDING
CHAPTER 13 TRUSTEE

Dated: November 26, 2014   By: ___/s/ Lisa K. Mullen_____
LISA K. MULLEN (P55478)
THOMAS D. DECARLO (P65330)
Attorneys for Chapter 13 Trustee, David Wm. Ruskin
1100 Travelers Tower
26555 Evergreen Road
Southfield, MI 48076-4251
Telephone (248) 352-7755

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - DETROIT

IN RE:

Joeffrey-Cesar Agilles Estrope,
Josephine Mission Estrope,
              DEBTORS.
_____/

CHAPTER 13
CASE NO. 14-55728-PJS
JUDGE PHILLIP J. SHEFFERLY

## CERTIFICATE OF SERVICE OF TRUSTEE'S OBJECTIONS TO CONFIRMATION OF CHAPTER 13 PLAN

I hereby certify that on November 26, 2014, I electronically filed the Trustee's Objections to Confirmation of Chapter 13 Plan with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

The following parties were served electronically:

    GUDEMAN & ASSOCIATES PC
    1026 WEST ELEVEN MILE ROAD
    ROYAL OAK, MI  48067-0000

The following parties were served via First Class Mail at the addresses below by depositing same in a United States Postal Box with the lawful amount of postage affixed thereto:

    Joeffrey-Cesar Agilles Estrope
    Josephine Mission Estrope
    11169 Chippewa
    Warren, MI 48093-0000


    _____/s/ Vanessa Wild_____
    Vanessa Wild
    For the Office of the Chapter 13 Standing Trustee-Detroit
    1100 Travelers Tower
    26555 Evergreen Road
    Southfield, MI 48076-4251
    (248) 352-7755